UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROCHELLE SIMS, individually, and on behalf of all other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEMORIAL HERMANN HEALTH SYSTEM AND JOHN DOES 1-10,<br><br>Defendants. | Case No. 4:21-cv-04225 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ROCHELLE SIMS, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, MEMORIAL HERMANN HEALTH SYSTEM, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. "As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## PARTIES

4. ROCHELLE SIMS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. MEMORIAL HERMANN HEALTH SYSTEM ("Defendant") is a health care provider that maintains facilities and operations in Texas.

7. Defendant maintains its principal place of business in San Antonio, Texas.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect medical debts owed to Defendant. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8743.

11. At all times relevant, Plaintiff's number ending in 8743 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone services.

13. In early 2021, Defendant started placing calls to Plaintiff's cellular phone in an attempt to collect an alleged medical debt owed by an unknown individual by the name of "Ashton Willard".

14. Shortly after the calls began, Plaintiff answered a call from Defendant and advised Defendant that she is not "Ashton Willard" and that Defendant was calling a wrong number.

15. Despite Plaintiff's request that Defendant cease its misguided calls, Defendant continued to pound Plaintiff with calls in an effort to contact "Ashton Willard."

16. Plaintiff repeatedly answered Defendant's calls and repeatedly (1) notified Defendant that is contacting the wrong party; (2) advised Defendant that she does not who "Ashton Willard" is; and (3) requested that Defendant cease its misguided calls.

17. Plaintiff's pleas fell on deaf ears and Defendant continued placing misguided collection calls to Plaintiff's cellular phone.

18. In some of the calls that Plaintiff did not answer, Defendant would leave a prerecorded voice message ("robocall") stating:

> "Hi…Hi, my name is Tina with Memorial Hermann Patient Business Services. Please call our office at (713) 784-4404 or at toll free at 1 (888) 598-0577 to speak with a representative. For your convenience, our customer service hours are 8 am until 6 pm Monday through Thursday and 8 to 5 on Fridays. Once again, please call Memorial Hermann Patient Business Services to speak to a representative. Our call back number is 713-784-4404 and toll free 1 (888) 598-0577. Thank you and have a great day."

19. In addition to the collection calls, Defendant also sent text messages to Plaintiff's cellular phone and written correspondences to Plaintiff's home address directed at "Ashton Willard."

20. In total, Plaintiff requested that Defendant cease contact with her on over a dozen occasions during phone calls she answered.

21. During one answered call, Defendant's representative blatantly ignored Plaintiff's request that Defendant cease its calls and instead advised Plaintiff that "Ashton Willard" has numerous accounts with Defendant and the collection calls would continue.

22. In total, Defendant placed no less than seventy-five (75) misguided collection calls to Plaintiff's cellular phone, including phone calls from the phone numbers: (800) 526-2121, (713) 338-5502, (713) 784-4404, and (888) 598-0577.

## DAMAGES

23. Plaintiff values her time, privacy, and solitude.

24. Defendant's invasive collection calls (including robocalls), text messages, and written correspondences have disrupted Plaintiff's everyday life.

25. Defendant's misguided collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including, aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the misguided calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular phone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLASS ALLEGATIONS

27. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals residing in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) in connection with a medical debt allegedly owed by a third party; (5) without his/her consent; (6) within the four years preceding the date of this Complaint through the date of class certification.

29. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

30. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

31. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

32. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

33. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

34. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

35. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

36. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

37. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

43. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency calls to Plaintiff's cellular phone utilizing an artificial or prerecorded voice without Plaintiff's consent.

46. As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

44. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

45. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

46. Upon information and belief, Defendant has failed to implement protocols to ensure that misguided calls cease.

47. Instead of updating its records to cease robocalls to unintended targets, Defendant blatantly ignores the unintended targets' requests that the calls cease, resulting in the continuation of misguided robocalls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper

### COUNT II
**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)**
**(Plaintiff individually)**

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

50. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

### Violations of Tex. Fin. Code Ann § 392.302

51. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.
>
> Tex. Fin. Code Ann. § 392.302(4).

52. As pled above, Plaintiff repeatedly (1) notified Defendant that is contacting the wrong party; (2) advised Defendant that she does not who "Ashton Willard" is; and (3) requested that Defendant cease its misguided collection calls.

53. Despite Plaintiff's repeated requests that Defendant cease its misguided collection calls, Defendant continued to pound Plaintiff with misguided collection calls.

54. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place harassing collection calls and send text messages to Plaintiff after Plaintiff repeatedly requested that Defendant cease all contact with her.

55. Defendant's incessant collection calls and text messages were inherently harassing and resulted in injury to Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) enjoining Defendant from contacting Plaintiff;

C. an award of compensatory damages in an amount to be determined by the jury;

D.      an award of reasonable attorney's fees and costs; and

E.      an award of any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 30, 2021                              Respectfully submitted,

**ROCHELLE SIMS**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*