**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROCHELLE SIMS, individually, and on behalf of all other individuals similarly situated, | § § § § | |
| Plaintiff, | § § | Case No. 4:21-cv-04225 |
| v. | § § | |
| MEMORIAL HERMANN HEALTH SYSTEM and JOHN DOES 1-10, | § § § | |
| Defendants. | § | |

**DEFENDANT MEMORIAL HERMANN HEALTH SYSTEM'S
<u>MOTION TO DISMISS CLASS ACTION COMPLAINT</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................3

BACKGROUND ..............................................................................................8

ARGUMENT ...................................................................................................10

I.      SIMS FAILED TO STATE PLAUSIBLE CLAIMS FOR RELIEF. ...............................10

      A.      Sims' allegations do not raise an inference of TCPA liability..............................10

      B.      Sims lacks statutory standing to bring a TDCA claim and, as before, fails to state a plausible claim for relief. ...................................................................13

II.     SIMS' CLASS ALLEGATIONS ARE SIMILARLY DEFICIENT AND SHOULD BE DISMISSED OR STRICKEN. ..................................................................16

      A.      Sims' complaint is devoid of any facts showing that this lawsuit is suited for class treatment. ...................................................................17

      B.      Sims' class allegations contain only conclusory statements that pay only lip service to Rule 23 ...................................................................18

CONCLUSION ................................................................................................20

CERTIFICATE OF SERVICE ...........................................................................21

1177163.1.docx

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. AmeriPro Funding, Inc.*,
848 F.3d 698 (5th Cir. 2017) ................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................18

*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*,
748 F.3d 631 (5th Cir. 2014) ................................................8

*Busby v. Vacation Resorts Int'l*,
2019 WL 669641 (S.D. Tex. Feb. 19, 2019) ................................................14

*Carlisle v. Normand*,
2017 WL 2256789 (E.D. La. May 23, 2017), *aff'd sub nom. Carlisle v. Mussal*, 774 F. App'x 905 (5th Cir. 2019)................................................16, 17

*Ctr. for Biological Diversity v. United States Envtl. Prot. Agency*,
937 F.3d 533 (5th Cir. 2019) ................................................14

*Cunningham v. TechStorm, LLC*,
2017 WL 721079 (N.D. Tex. Feb. 23, 2017) ................................................11

*Daisy, Inc. v. Pollo Operations, Inc.*,
2015 WL 1418607 (M.D. Fla. Mar. 27, 2015) ................................................19

*Dixie Plumbing Specialties, Inc. v. Cain Indus., Inc.*,
2019 WL 13061187 (N.D. Ga. May 22, 2019)................................................17

*Doyle v. Nationstar Mortg., LLC*,
2021 WL 2457732 (S.D. Tex. June 16, 2021) ................................................10

*Ecoquij-Tzep v. Grill*,
2016 WL 3745685 (N.D. Tex. July 12, 2016) ................................................18

*Field v. JPMorgan Chase Bank, N.A.*,
2014 WL 12599403 (S.D. Tex. Feb. 11, 2014) ................................................15

*Ford v. Fitness Int'l, LLC*,
2018 WL 4376415 (N.D. Tex. Aug. 15, 2018)................................................11

*Gloria v. Allstate Cty. Mut. Ins. Co.*,
2000 WL 35754563 (W.D. Tex. Sept. 29, 2000)................................................17

*Gordon v. Sig Sauer, Inc.*,
2019 WL 4572799 (S.D. Tex. Sept. 20, 2019) .................................................17

*Guajardo v. GC Servs., LP*,
498 F. App'x 379 (5th Cir. 2012) .................................................................13, 15

*Hancock v. Varivam*,
400 S.W.3d 59 (Tex. 2013)..............................................................................15

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
634 F.3d 787 (5th Cir. 2011) ............................................................................13

*Hodczak v. Latrobe Specialty Steel Co.*,
2009 WL 911311 (W.D. Pa. Mar. 31, 2009) ......................................................7

*Ibe v. Jones*,
836 F.3d 516 (5th Cir. 2016) .....................................................................16, 18

*John v. Nat'l Sec. Fire & Cas. Co.*,
501 F.3d 443 (5th Cir. 2007) ..............................................................................7

*Landry v. Huthnance Drilling Co.*,
889 F.2d 1469 (5th Cir. 1989) ..........................................................................19

*Larry R. George Sales Co. v. Cool Attic Corp.*,
587 F.2d 266 (5th Cir. 1979) ............................................................................15

*Longoria v. Hunter Express, Ltd.*,
932 F.3d 360 (5th Cir. 2019) ............................................................................15

*Manopla v. Sansone Jr.'s 66*,
2020 WL 1975834 (D.N.J. Jan. 10, 2020) ........................................................12

*McCaig v. Wells Fargo Bank (Tex.), N.A.*,
788 F.3d 463 (5th Cir. 2015) ............................................................................13

*McQueen v. Bretey*,
1995 WL 489171 (Tex. App.—Houston [1st Dist.] Aug. 17, 1995, writ
denied).............................................................................................................14

*Moore v. CHW Grp., Inc.*,
2019 WL 3216029 (N.D. Ill. July 17, 2019).....................................................12

*Nicholas v. CMRE Fin. Servs., Inc.*,
2009 WL 1652275 (D.N.J. June 11, 2009) ........................................................18

*Salas v. Ford Motor Credit Co., LLC*,
2019 WL 4453712 (W.D. Tex. Sept. 17, 2019)..................................................15

4

*SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*,
    2017 WL 3149360 (M.D. Fla. July 25, 2017) ........................................................17

*Shaw v. Helix Energy Sols. Grp., Inc.*,
    2019 WL 3557843 (S.D. Tex. July 12, 2019).........................................................18

*Smith v. Pro Custom Solar, LLC*,
    2021 WL 141336 (D.N.J. Jan. 15, 2021) ...............................................................12

*Steering Comm. v. Exxon Mobil Corp.*,
    461 F.3d 598 (5th Cir. 2006) .................................................................................16

*Taylor v. Ogg*,
    2019 WL 1429732 (S.D. Tex. Mar. 29, 2019ndis ..................................................13

*Warciak v. One, Inc.*,
    2016 WL 7374278 (N.D. Ill. Dec. 20, 2016)..........................................................14

*Wass v. Amerigroup Tex., Inc.*,
    2020 WL 4464361 (N.D. Tex. Aug. 3, 2020)..........................................................11

**Statutes**

28 U.S.C. § 1367(c)(3).....................................................................................................13

47 U.S.C. § 227(b)(1)(A)(iii).................................................................................9, 10, 12

47 U.S.C. § 227(b)(1)(B)..................................................................................................12

Tex. Fin. Code § 392.001(1).............................................................................................13

Tex. Fin. Code § 392.302(4).................................................................................9, 13, 15

**Other Authorities**

Fed. R. Civ P. 8.........................................................................................................10, 19

Fed. R. Civ. P. 8(a)...................................................................................................10, 18

Fed. R. Civ. P. 12............................................................................................................19

Fed. R. Civ. P. 12(b)(1)....................................................................................................13

Fed. R. Civ. P. 12(b)(6)......................................................................................10, 13, 16

Fed. R. Civ. P. 23...............................................................................................16, 17, 18, 20

Fed. R. Civ. P. 23(a)(1)....................................................................................................18

FED. R. CIV. P. 23(a)(1)-(4) ...................................................................................................16

FED. R. CIV. P. 23(b)(2) ...........................................................................................................9

FED. R. CIV. P. 23(b)(3) ...............................................................................................9, 16, 18

FED. R. CIV. P. 23(d)(1)(D)-(E) ..............................................................................................16

1177163.1.docx

Plaintiff Rochelle Sims purportedly brought nationwide class claims on behalf of all individuals who Defendant Memorial Hermann Health System ("MHHS") allegedly called "using an artificial or prerecorded voice."  (Docket Entry No. 1 at ¶¶ 18, 28, 45).  She alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*  But her complaint suffers from several fundamental pleading defects:

- Sims failed to allege facts showing that MHHS called her with a prerecorded or artificial voice (TCPA claim).

- Sims failed to allege the time, date, or frequency of any purportedly unlawful calls (TCPA claim).

- Sims failed to allege facts showing that she is a consumer under the Texas Finance Code (TDCA claim).

- Sims failed to allege facts showing that she sustained actual damages (TDCA claim).

- Sims failed to allege that MHHS called her with an intent to harass (TDCA claim).

- Sims failed to identify one other similarly-situated individual (class allegations).

- Sims failed to allege that MHHS has ever called an individual outside of Houston, Texas regarding a third-party debt (class allegations).

- Sims failed to allege facts supporting class certification (class allegations).

- Sims' proposed class definition is facially overbroad (class allegations).

This is not a class action.  It is a deficiently-pleaded individual lawsuit through which Sims improperly seeks class discovery.[1]  The Court should dismiss Sims' complaint in its entirety.

---

[1] *See also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 n.4 (5th Cir. 2007) (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.60 [2] (Matthew Bender 3d ed. 1997) ("A plaintiff cannot make a lawsuit into a class action simply by labeling it class action.")); *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311, at *9 (W.D. Pa. Mar. 31, 2009) ("While discovery may be appropriate in certain cases prior to the notice phase to assist the plaintiff in identifying potential class members, that does not relieve plaintiffs of their obligation of filing a properly pled complaint in the first instance demonstrating that they are entitled to that discovery.").

## BACKGROUND[2]

Sims lives in Houston.  (Docket Entry No. 1 at ¶ 4).  She is "the sole operator, possessor, and subscriber of a cellular telephone number."  *Id.* ¶ 10.  On an unspecified date in "early 2021," MHHS began calling Sims' phone to collect a medical debt owed by Ashton Willard, a person Sims does not know.  *Id.* ¶ 13.  On another unspecified date "[s]hortly after the calls began," Sims answered a call from MHHS and advised it that she was not Willard and MHHS was calling the wrong phone number.  *Id.* ¶ 14.  Nevertheless, the calls continued.  *Id.* ¶ 15.  In one call, again on an unspecified date, a MHHS "representative" told Sims that the calls would continue, despite Sims' requests that MHHS stop calling her.  *Id.* ¶ 21.

Sims did not answer every MHHS call and, as a result, some went to voicemail.  *Id.* ¶ 18. MHHS left Sims the following message an unspecified number of times:

> Hi . . . Hi, my name is Tina with Memorial Hermann Patient Business Services. Please call our office at (713) 784-4404 or at toll free at 1 (888) 598-0577 to speak with a representative.  For your convenience, our customer service hours are 8 am until 6 pm Monday through Thursday and 8 to 5 on Fridays.  Once again, please call Memorial Hermann Patient Business Services to speak to a representative.  Our call back number is 713-784-4404 and toll free 1 (888) 598-0577.  Thank you and have a great day.

*Id.*  Without explanation, Sims alleges that the message was "prerecorded."  *Id.*

In all, Sims alleges MHHS made 75 calls to  her phone, without identifying which or how many of those calls involved an artificial or prerecorded voice.  *Id.* ¶ 22.  It is unclear when the calls began, when they stopped, or at what time of day Sims received them.

---

[2] These facts are drawn from Sims' complaint, which MHHS accepts as true only for the purposes of this motion.  *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014).

Sims claims she was frustrated by the purported calls, as she "values her time, privacy, and solitude." *Id.* ¶ 23. Sims alleges that the calls "invaded [her] privacy" and "caused [her] actual harm, including":

> aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the . . . calls, wear and tear to [her] phone, intrusion upon and occupation of [her] phone, temporary loss of use of [her] phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the . . . electricity costs required to recharge [her] phone [from] increased usage of [her] telephone services, and wasting [her] time.

*Id.* ¶ 25.

In December 2021, Sims—"individually, and on behalf of all others similarly situated"— sued MHHS and unnamed "third party vendors/agents that [MHHS] engages to collect medical debts." *Id.* ¶¶ 9, 28. Sims asserted two claims, one (on behalf of herself and a putative class) under the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and another (on behalf of only herself) under the TDCA, TEX. FIN. CODE § 392.302(4).

Relying on Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), Sims also asserted this is a class action. *Id.* at 5-7. She defined the putative class as:

> All individuals residing in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) in connection with a medical debt allegedly owed by a third party; (5) without his/her consent; (6) within the four years preceding the date of this Complaint through the date of class certification.

*Id.* ¶ 28. Sims further pleaded that:

- "the members of the [c]lass are so numerous that joinder of them is impracticable";

- "[t]here are many questions of law and fact common to" her and the class's claims;

- "[t]hose questions predominate over any questions that may affect individual" class members;

- her "claims are typical" of class members' claims because she and they "are entitled to damages as a result of [MHHS's] conduct"; and

9

- she "will adequately and fairly represent and protect the interest of the [c]lass."

*Id.* ¶¶ 30, 34-36, 41.

## <u>ARGUMENT</u>

### I.   SIMS FAILED TO STATE PLAUSIBLE CLAIMS FOR RELIEF.

Rule 12(b)(6) authorizes dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6)).  "Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Doyle v. Nationstar Mortg., LLC*, 2021 WL 2457732, at *1 (S.D. Tex. June 16, 2021) (Rosenthal, C.J.) (quoting FED. R. CIV. P. 8(a)(2)).  "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Rule 8 'does not require detailed factual allegations.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  But "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  Thus, to survive a motion to dismiss, "a complaint must include more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Doyle*, 2021 WL 2457732, at *2 (quotation omitted).

Sims' complaint falls far short of federal pleading standards.  Instead of alleging facts that could raise a reasonable inference of liability, Sims primarily relies on legal conclusions and threadbare remarks—assertions that, under binding authority, fail to state a plausible claim for relief.  The Court should therefore dismiss Sims' TCPA and TDCA claims.

### A.   Sims' allegations do not raise an inference of TCPA liability.

Sims alleged that MHHS violated the TCPA by making calls "using . . . an artificial or prerecorded voice [to a] telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).  Because Sims invoked only that TCPA prohibition, her allegations involving live conversations with MHHS "representatives" are irrelevant to this claim, as they do not purport

to allege instances in which MHHS used an artificial or prerecorded voice.  Only one allegation

does, paragraph 18:

> 18.    In some of the calls that Plaintiff did not answer, Defendant would leave a
>
> prerecorded voice message ("robocall") stating:
>
> > "Hi...Hi, my name is Tina with Memorial Hermann Patient Business Services. Please
> > call our office at (713) 784-4404 or at toll free at 1 (888) 598-0577 to speak with a
> > representative. For your convenience, our customer service hours are 8 am until 6 pm
> > Monday through Thursday and 8 to 5 on Fridays. Once again, please call Memorial
> > Hermann Patient Business Services to speak to a representative. Our call back number
> > is 713-784-4404 and toll free 1 (888) 598-0577. Thank you and have a great day."

(Docket Entry No. 1 at ¶ 18 (highlighting added)).  That lone allegation does not state a plausible

claim for relief for at least two reasons.

First, Sims failed to plead facts showing the date, time, or frequency of any prerecorded

call.  "Instead, [Sims'] [c]omplaint contains only [a] vague generalization[] regarding how many

[prerecorded] calls [she] received"—"some." *Cunningham v. TechStorm, LLC*, 2017 WL 721079,

at *2 (N.D. Tex. Feb. 23, 2017) (Lynn, C.J.) (dismissing same TDCA claim based in part on this

deficiency); *see also id.* ("While the Court recognizes that the Plaintiff is not required to plead

specific details of every alleged offense or facts that may only be obtained through discovery, the

Plaintiff should be capable of pleading at least some facts relating to the calls he is claiming to

have received on his own phone, such as the approximate number of offending calls or approximate

date they were received.").  This defect is fatal to Sims' TCPA claim.  *Id.*; *see also Wass v.

Amerigroup Tex., Inc.*, 2020 WL 4464361, at *4 (N.D. Tex. Aug. 3, 2020) (dismissing same TDCA

claim in part because the plaintiff did not allege "the dates or times of" four of five calls at issue);

*Ford v. Fitness Int'l, LLC*, 2018 WL 4376415, at *4 (N.D. Tex. Aug. 15, 2018) ("Plaintiff's First

Amended Complaint is further deficient in that it does not provide sufficient factual allegations

regarding the source, time, and frequency of any calls.  Plaintiff's 'bare bones' allegation that

Defendant engaged in a 'pattern and practice' of calling him at work and on his cell phone fails to state a claim under the TCPA."), *report and recommendation adopted*, 2018 WL 4362606 (N.D. Tex. Sept. 13, 2018).

Second, Sims failed to allege facts showing that MHHS called her using a prerecorded voice.  The only support for that § 227(b)(1)(A)(iii) element is the unsubstantiated assertion that the message detailed in Paragraph 18 was "prerecorded," which is no support at all.  *See Smith v. Pro Custom Solar, LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021) ("[A] complaint must include some factual allegations beyond 'the call had a prerecorded voice.'"); *Moore v. CHW Grp., Inc.*, 2019 WL 3216029, at *2 (N.D. Ill. July 17, 2019) (dismissing similar TCPA claim under § 227(b)(1)(B) because the plaintiff failed "to plead a layman's explanation for why he believed that the solicitation was pre-recorded").

Sims did include what purports to be an abridged transcript of the message.  (Docket Entry No. 1 at ¶ 18).  But that, too, fails to lend any support to Sims' claim.  *See Manopla v. Sansone Jr.'s 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020) ("Plaintiff's Complaint is devoid of facts from which the Court could reasonably infer that a pre-recorded message was utilized; in fact, Plaintiff's Complaint is bereft of any allegations regarding the tenor, nature, or circumstances of the alleged calls.  Plaintiff merely proffers the content of the message and conclusor[il]y alleges that Defendant utilized a pre-recorded message. Such bare-bones, conclusory allegations are insufficient to survive a motion to dismiss.").  At any rate, the conspicuous ellipses that Sims inserted after the first word, "Hi," obscures what the representative purportedly said.   Thus, neither the Court nor MHHS knows, for example, whether the representative mentioned Sims' name or the name of the alleged debtor—a fact that would establish the call was *not* prerecorded.  It is unclear why Sims omitted the message's full greeting,

but her other complaint allegations—which repeatedly describe live conversations with MHHS

representatives—further undercut the bald assertion that the message left with her phone number

by MHHS was prerecorded.  *See* (Docket Entry No. 1 at ¶ 21 (describing one such conversation)).

The Court should dismiss Sims' TCPA claim.  FED. R. CIV. P. 12(b)(6).[3]

### B.     Sims lacks statutory standing to bring a TDCA claim and, as before, fails to state a plausible claim for relief.

Sims next alleges that MHHS violated the TDCA's harassment proscription:

> [A] debt collector may not oppress, harass, or abuse a person by . . . causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

TEX. FIN. CODE § 392.302(4).  Only "[c]onsumers have standing to bring suit under the act and

include any 'individual who has a consumer debt.'"  *Guajardo v. GC Servs., LP*, 498 F. App'x

379, 382 (5th Cir. 2012) (quoting TEX. FIN. CODE § 392.001(1)).  And only "consumers" who

"have sustained actual damages from a TDCA violation have standing to sue."  *McCaig v. Wells

Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015).

Sims failed to show that she has statutory standing[4] to bring a TDCA claim.  For one thing,

Sims did not allege that she "has a consumer debt" and, thus, is not a "consumer" under the statute.

*See Guajardo*, 498 F. App'x at 382.  Rather, Sims merely asserted—in conclusory fashion—that

she "is a 'consumer' as defined by [the TDCA]."  (Docket Entry No. 1 at ¶ 49).  That is not enough.

*See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 708 n.10 (5th Cir. 2017) ("This non-

---

[3] If the Court decides to dismiss Sims' TCPA claim, the cause of action conferring federal-question jurisdiction, it should decline to exercise supplemental jurisdiction over Sims' defectively-pleaded TDCA claim under 28 U.S.C. § 1367(c)(3).  *See, e.g.*, *Taylor v. Ogg*, 2019 WL 1429732, at *7 (S.D. Tex. Mar. 29, 2019) (Rosenthal, C.J.).

[4] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of . . . statutory standing is properly granted under Rule 12(b)(6).").

specific, conclusory allegation . . . tells us nothing and is insufficient to survive a motion

to dismiss."); *cf. Ctr. for Biological Diversity v. United States Envtl. Prot. Agency*, 937 F.3d 533,

545 (5th Cir. 2019) (conclusory allegations do not confer Article III standing).

      For another, Sims failed to allege that she suffered actual damages from MHHS's purported

TDCA violation.  Recall that Sims' alleged damages include:

> aggravation that accompanies unwanted calls, increased risk of personal injury
> resulting from the distraction caused by the . . . calls, wear and tear to [her] phone,
> intrusion upon and occupation of [her] phone, temporary loss of use of [her] phone,
> loss of battery charge, loss of concentration, mental anguish, nuisance, the . . .
> electricity costs required to recharge [her] phone [from] increased usage of [her]
> telephone services, and wasting [her] time.

(Docket Entry No. 1 at ¶ 25).  The Northern District of Illinois examined similarly-pleaded

damages, concluding that the economic loss caused by unwanted text messages—"the loss of

battery life and the electricity costs needed to recharge"—were "so negligible from an economic

standpoint as to render any damages unquantifiable."  *Warciak v. One, Inc.*, 2016 WL 7374278, at

*5 (N.D. Ill. Dec. 20, 2016); *cf. McQueen v. Bretey*, 1995 WL 489171, at *4 (Tex. App.—Houston

[1st Dist.] Aug. 17, 1995, writ denied) ("De minimis non curat lex.  The law does not take notice

of trifling things.").  Indeed, Sims did not allege that MHHS' conduct caused her to pay more to

her cell phone or electricity providers.  Nor did she allege how the purported calls caused physical

"wear and tear" to her phone.  *See Busby v. Vacation Resorts Int'l*, 2019 WL 669641 at *11 (S.D.

Tex. Feb. 19, 2019) (Rosenthal, C.J.) (dismissing TDCA claim based on lack of statutory standing

because the plaintiff failed to plead facts showing that the letter at issue "led to additional costs,

how much those costs were, or what the precise damages to his financial reputation were").  Sims

therefore failed to allege that any of the pleaded injuries manifested into a concrete, economic loss.

*See* (Docket Entry No. 1 at ¶¶ 23-26).

That leaves Sims' noneconomic harm. "Mental anguish is only compensable if it causes a substantial disruption in daily routine or a high degree of mental pain and distress." *Hancock v. Varivam*, 400 S.W.3d 59, 68 (Tex. 2013) (cleaned up). "The anguish must be more than mere worry, anxiety, vexation, embarrassment, or anger. *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 368 (5th Cir. 2019) (quotation omitted). Sims' purported noneconomic injuries—for example, "disrupt[ion] to [her] everyday life," "aggravation," "increased risk of personal injury," and "loss of concentration"—fail to raise a plausible inference of recoverable damages. *Id.* Sims' conclusory statement that she suffered "mental anguish" is likewise insufficient. *See Field v. JPMorgan Chase Bank, N.A.*, 2014 WL 12599403, at *3 (S.D. Tex. Feb. 11, 2014) ("Plaintiff has not pleaded more than conclusory allegations that he incurred any damages arising from Defendants' alleged misconduct. Although Plaintiff requests mental anguish damages, . . . he has not alleged any facts supporting [the] mental anguishes that he suffered."); *see also Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 274 (5th Cir. 1979) ("Plaintiff's mere conclusory statement that he was damaged will not suffice to cloth him with standing to sue."). Sims cannot, therefore, show that she suffered actionable damages under the TDCA.

Sims' TDCA claim fails for yet another reason: she failed to allege that MHHS made the calls at issue "with the intent to harass," a key element of a § 392.302(4) claim. *See Guajardo*, 498 F. App'x at 382. While that failure alone dooms Sims' TDCA claim, the complaint allegations—that MHHS repeatedly called her after requests to stop—could not show such an intent as a matter of law. That is because "facts pertaining to call volume must be accompanied by 'extenuating circumstances, such as making those calls at odd hours or threatening personal violence' to show [a defendant] acted with [an] intent to harass." *Salas v. Ford Motor Credit Co., LLC*, 2019 WL 4453712, at *2 (W.D. Tex. Sept. 17, 2019) (despite alleging that the defendant

called her 125 times after she demanded it stop, the plaintiff failed to state the same TDCA claim

because she did not plead "any facts to show [the defendant] made calls at odd hours or that any

of these calls threatened personal violence") (quoting *Robinson v. Wells Fargo Bank, N.A.*, 576 F.

App'x 358, 362 (5th Cir. 2014)).  Sims thus fails to state a claim under the TDCA.  FED. R. CIV.

P. 12(b)(6).

Sims' complaint does not raise a plausible inference of statutory standing, damages, or an

intent to harass.  The Court should dismiss Sims' TDCA claim.

## II.   SIMS' CLASS ALLEGATIONS ARE SIMILARLY DEFICIENT AND SHOULD BE DISMISSED OR STRICKEN.

Rule 23 "governs whether a proposed class falls within the limited exception to the usual

rule that litigation is conducted by and on behalf of the individual named parties only."  *Ibe v.

Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (quotation omitted).  To qualify, "four prerequisites must

be met[:] numerosity, commonality, typicality, and adequacy of representation."  *Id.*; FED. R. CIV.

P. 23(a)(1)-(4).  And when, as here, "a party seek[s] class certification under Rule 23(b)(3)," she

"must also demonstrate . . . (1) that questions common to the class members predominate over

questions affecting only individual members, and (2) that class resolution is superior to alternative

methods for adjudication of the controversy."  *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d

598, 601 (5th Cir. 2006) (quotation omitted).  The court may "require that the pleadings be

amended to eliminate allegations about representation of absent persons" and to "deal with similar

procedural matters."  FED. R. CIV. P. 23(d)(1)(D)-(E).  This rule is "routinely applied . . . to actions

where a party seeks to strike class allegations because plaintiffs have not met the requirements of

Rule 23."  *Carlisle v. Normand*, 2017 WL 2256789, at *5 (E.D. La. May 23, 2017), *aff'd sub nom.

Carlisle v. Mussal*, 774 F. App'x 905 (5th Cir. 2019).

Courts in the Fifth Circuit need not wait until class certification to dismiss or strike class allegations that are improper for class treatment. *See, e.g.¸ Gordon v. Sig Sauer, Inc.*, 2019 WL 4572799, at *19-23 & n.11 (S.D. Tex. Sept. 20, 2019) (Rosenthal, C.J.) (granting motion to strike or dismiss class allegations at the pleading stage). Class allegations that merit early dismissal simply recite Rule 23 and fail to allege facts showing that the relevant class-action requirements are met. *Gloria v. Allstate Cty. Mut. Ins. Co.*, 2000 WL 35754563, at *9 & n.109 (W.D. Tex. Sept. 29, 2000) ("Conclusory class allegations, such as those pleaded by plaintiffs here, have been deemed suitable for dismissal early in the case." (collecting cases)).

### A.   Sims' complaint is devoid of any facts showing that this lawsuit is suited for class treatment.

Sims did just that, recite Rule 23 and little else. *See* (Docket Entry No. 1 at ¶¶ 30-43). Worse still, Sims—despite seeking certification of a nationwide class—failed to allege that MHHS made unlawful calls outside of Houston, much less Texas or throughout the United States, during the period at issue. Indeed, Sims failed to identify one other individual that purportedly had a similar experience with MHHS. *See Carlisle*, 2017 WL 2256789, at 5 (striking class allegations based on this deficiency). Given these omissions, Sims' complaint is a class action in name only and unsuited for class treatment. *See Dixie Plumbing Specialties, Inc. v. Cain Indus., Inc.*, 2019 WL 13061187, at *3 (N.D. Ga. May 22, 2019) (dismissing conclusory class allegations and noting that "courts, both within this Circuit and beyond, have cautioned against . . . unsupported class allegations in TCPA cases"); *SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 3149360, at *3 (M.D. Fla. July 25, 2017) (dismissing TCPA class allegations because the complaint "merely recite[d] portions of the statute and completely lack[ed] factual support for its

allegations of years of unauthorized faxes sent to the putative class members").[5]  Nevertheless, MHHS briefly highlights Sims' Rule 23 deficiencies.

### B.    Sims' class allegations contain only conclusory statements that pay only lip service to Rule 23.

Under Rule 23(a)'s numerosity requirement, class certification is appropriate when a class is so large and numerous that joinder of all members is impracticable.  FED. R. CIV. P. 23(a)(1). To satisfy this requirement, a plaintiff must provide a "reasonable estimate of the number of purported class members."  *Ibe*, 836 F.3d 516, 528 (5th Cir. 2016) (quotation omitted).  At the pleading stage, a plaintiff must allege a factual basis, and not just speculation, in support of that estimate.  *See Shaw v. Helix Energy Sols. Grp., Inc.*, 2019 WL 3557843, at *4 (S.D. Tex. July 12, 2019) (dismissing class action allegations that lacked a "factual basis for [its numerosity] estimate"), *report and recommendation adopted*, 2019 WL 3548914 (S.D. Tex. Aug. 2, 2019).

Having identified exactly zero similarly-situated individuals, Sims did not even take a guess at the number of putative class members.  Instead, she alleged only that:

> 30.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

(Docket Entry No. 1 at ¶ 30).  That is insufficient.  *Shaw*, 2019 WL 3557843, at *4.  And her request for discovery to search for unknown (and likely nonexistent) class members is nothing more than a thinly-veiled attempt to engage in a fishing expedition at MHHS's expense.  *See Nicholas v. CMRE Fin. Servs., Inc.*, 2009 WL 1652275, at *4 (D.N.J. June 11, 2009) ("[C]lass allegations must . . . comply with Rule 8(a) in order to proceed to class discovery."); *cf. Iqbal*, 556

---

[5] *Cf. Ecoquij-Tzep v. Grill*, 2016 WL 3745685, at *5 (N.D. Tex. July 12, 2016) ("[A]t the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that there are similarly situated employees with certain common alleged attributes that could support a collective action.").

U.S. at 678-79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Sims' other class allegations relating to commonality, predominance, typicality, superiority, and adequacy are just as bare.  *See* (Docket Entry No. 1 at ¶¶ 34-43); *see also Daisy, Inc. v. Pollo Operations, Inc.*, 2015 WL 1418607, at *6 (M.D. Fla. Mar. 27, 2015) (dismissing TCPA class allegations at the Rule 12 stage that, as here, contained only "a formulaic recitation of the elements of a class action without providing sufficient facts to support its claims").

There is more.  Most significantly, Sims' class definition is far too broad.  Sims asserts that the class should encompass:

> All individuals residing in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) in connection with a medical debt allegedly owed by a third party; (5) without his/her consent; (6) within the four years preceding the date of this Complaint through the date of class certification.

(Docket Entry No. 1 at ¶ 28).  But again, no factual allegations support a class definition that extends beyond Houston, let alone Texas or throughout the country.  Further, this definition improperly includes calls that an independent contractor may have made on MHHS's behalf— calls that would not trigger MHHS liability under basic agency principles.  *Cf. Landry v. Huthnance Drilling Co.*, 889 F.2d 1469, 1471 (5th Cir. 1989) ("A principal is not liable for the torts of an independent contractor unless the principal exercises operational control over or expressly or impliedly authorizes the independent contractor's actions.").  Also missing is a carveout for calls made to shared phone numbers, a necessary exclusion since a second or third authorized user could consent to an allegedly unlawful call.  *See* (Docket Entry No. 1 at ¶ 10) (alleging that Sims "was the sole operator, possessor, and subscriber of" her phone)).

19

***

Sims' "class" complaint fails to satisfy Rule 23.  It also omits any factual support showing that this lawsuit is suited for class treatment.  The Court should therefore dismiss or strike Sims' class allegations.

## <u>CONCLUSION</u>

For these reasons, MHHS respectfully asks the Court to dismiss Sims' complaint in its entirety.

Date: January 31, 2022

Respectfully submitted,

SMYSER KAPLAN & VESELKA, LLP

*/s/ Jeff Potts*
Jeff Potts
Attorney-in-Charge
Texas Bar No. 00784781
Federal Bar No. 16504
Jarod Stewart
Texas Bar No. 24066147
Federal Bar No. 1043011
Rick Houghton
Texas Bar No. 24121678
Federal Bar No. 3363238
717 Texas Avenue, Suite 2800
Houston, Texas 77002-2761
(713) 221-2300
(713) 221-2320 (fax)
jpotts@skv.com
jstewart@skv.com
rhoughton@skv.com

*Counsel for Defendant Memorial Hermann Health System*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant's Motion to Dismiss Class Action Complaint has been served on all counsel of record on January 31, 2022 via the Court's CMF/ECF filing system.

/s/ *Jeff Potts*
Jeff Potts

1177163.1.docx