**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROCHELLE SIMS, individually, and on behalf of all other individuals similarly situated, | § § § § | |
| Plaintiff, | § § | Case No. H-21-4225 |
| v. | § § | |
| MEMORIAL HERMANN HEALTH SYSTEM and JOHN DOES 1-10, | § § § | |
| Defendants. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit this Proposed Discovery/Case Management Plan.

**1.     State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

Counsel conducted a telephonic Rule 26(f) conference on March 4, 2022.  Participants in the conference included Rick Houghton for Defendant Memorial Hermann Health System ("MHHS") and Mohammed Badwan for Plaintiff Rochelle Sims.

**2.     List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

None.

**3.     <u>Briefly</u> describe what this case is about.**

Plaintiff contends that Defendant made telephone calls to her cellular phone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq*.

**4.     Specify the allegation of federal jurisdiction.**

Plaintiff asserts that the Court has federal-question jurisdiction over her TCPA claim and supplemental jurisdiction over her TDCA claim.

**5.     Identify the parties who disagree and the reasons.**

Defendant does not dispute federal-question jurisdiction as long as Plaintiff's TCPA claim remains pending (Defendant has moved to dismiss it).  *See* (Docket Entry No. 12).  Nor does Defendant dispute the Court's supplemental jurisdiction over Plaintiff's TDCA claim, which Defendant has also moved to dismiss.  *Id.*  Defendant, however, contends that if the Court dismisses Plaintiff's TCPA claim, the Court should dismiss Plaintiff's TDCA claim under 28 U.S.C. § 1367(c).

**6.     Identify any issues as to service of process, personal jurisdiction, or venue.**

None.

**7.     List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

Plaintiff anticipates on adding third parties that may have placed the subject telephone calls on behalf of Defendant. According to Plaintiff, it is common in the medical collection industry for collection calls to be placed by third parties. Plaintiff does not know the identities of the third parties at this time, but she anticipates that the identities of the third parties will be disclosed in Defendant's Rule 26(a)(1) disclosures.

Plaintiff seeks to certify a class under Rules 23(b)(2) and 23(b)(3), consisting of:

All individuals residing in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) in connection with a medical debt allegedly owed by a third party; (5) without his/her consent; (6) within the four years preceding the date of this Complaint through the date of class certification.

(Docket Entry No. 1 at 5).

Excluded from the proposed class are:

(1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

*Id.*

Defendant denies that this case is appropriate for class certification.

**8.     State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

In light of anticipated amendment to add third parties, Plaintiff proposes that the Court stay briefing on Defendant's motion to dismiss pending the submission of Defendant's Rule 26(a)(1)

disclosures. Specifically, it would be a wasteful exercise to brief Defendant's motion to dismiss if Plaintiff intends to amend his complaint. Staying briefing pending the Rule 26(a)(1) disclosures is not only practical but would also  conserve considerable judicial resources. Accordingly, Plaintiff will be filing a motion seeking to stay briefing on Defendant's motion to dismiss.

MHHS respectfully disagrees with Plaintiff's position.  The pleading and legal deficiencies identified in MHHS's motion to dismiss, (Docket Entry No. 12), would remain even if Plaintiff adds a party.  For example, adding a party would not cure Plaintiff's conclusory class allegations, failure to plead actual damages under the TDCA, or failure to plead facts in support of the purported calls that Plaintiff alleges violated the TCPA.  Further, MHHS has offered to provide the third-party information that Plaintiff seeks as soon as practicable.

9.     **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

As the TCPA is not a fee-shifting statute, Plaintiff may recover fees only under the TDCA. The Parties agree to submit the fees issue to the court for resolution after other case issues are resolved.

10.    **Describe the proposed discovery plan, including:**

   A.     **Responses to the matters raised in Rule 26(f) conference, including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

At this time, the parties have not identified any disputes regarding ESI.  Once discovery requests are served in the case, the parties will work to reach agreement on any ESI issues that arise.

The parties agree that a protective order is appropriate in this case and will work together on an agreed protective order.  If the parties determine that an ESI protocol is necessary, they will work to reach agreement on an ESI protocol to submit to the Court.

   B.     **When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

Plaintiff intends on issuing interrogatories to Defendant and any parties that may be added (parties that Defendant discloses in its Rule 26(a)(1) disclosures). Plaintiff anticipates on issuing the interrogatories once the Court enters a scheduling order.

   C.     **When and to whom the defendant anticipates it may send interrogatories and requests for production.**

Defendant anticipates serving interrogatories on Plaintiff after a ruling on Defendant's pending motion to dismiss, or at another appropriate time.

   D.     **Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Plaintiff anticipates on taking the depositions of Defendant and any party that placed the calls at issue.

E.    **Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Defendant anticipates deposing Plaintiff and select potential class members (should Plaintiff identify such members) and, potentially, third parties with relevant information. Defendant intends to take such depositions after the parties exchange written discovery. These depositions can be done by remote means.

F.    **Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

None

G.    **Any experts needed on issues other than attorneys' fees.**

At this time, the Parties do not anticipate designating experts for this case.

H.    **If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

Not applicable.

I.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.**

None.

J.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

None.

K.    **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

None.

L.    **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Not applicable.

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Consistent with its motion to dismiss, MHHS contends that this is an individual, and not a class, action.  As such, MHHS opposes any class discovery.  And because Plaintiff's claims suffer from several pleading deficiencies, MHHS believes that staying discovery, with the exception of Rule 26(a)(1) disclosures, until the Court rules on its motion to dismiss would conserve the parties'—and the Court's—time and resources.

Plaintiff contends that staying discovery will significantly and unnecessarily delay the administration of this case. The deficiencies raised in Defendant's motion to dismiss with respect to Plaintiff's TCPA claim can easily be cured through a simple amendment to add more details regarding the prerecorded messages at issue In other words, this case is extremely likely to proceed past the pleading stage. Accordingly, staying discovery would ran afoul Fed. R. Civ. P. 1, which requires the "just, *speedy*, and inexpensive determination of every action and proceeding" *See* Fed. R. Civ. P. 1. (emphasis added).

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery or disclosures have been undertaken at this time.

**13.     State the date the planned discovery can reasonably be completed.**

The parties propose that the Court wait to set a discovery cutoff date on the merits until after ruling on class certification, if that issue requires resolution.

Plaintiff has suggested that she may amend her complaint, but it appears that any such amendment would add parties, not cure identified pleading deficiencies.  Thus, Defendant proposes that no discovery should occur until after the Court rules on Defendant's motion to dismiss.  Defendant proposes that, if any part of the case remains after a ruling on the motion to dismiss, the parties hold a conference to determine if there is an appropriate way to streamline discovery to first address any dispositive issues.  This phase would precede the class-certification phase of this case.

Plaintiff believes that a 1 year discovery deadline will be appropriate and opposes Defendant's proposal to stay discovery pending ruling on Defendant's motion to dismiss as the motion may become moot once Plaintiff amends her complaint as anticipated.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

Plaintiff is open to settlement and will make a settlement demand upon request.

Defendant believes possibility for a prompt resolution of this case is unlikely.  Settlement discussions will likely not take place or be productive until after the motion-to-dismiss or class-certification stage.

**15.     From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

The Parties believe that mediation may be helpful after the class-certification stage or summary judgment.

**16.    Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.**

The Parties decline to consent to a trial before a magistrate judge.

**17.    State whether a jury demand has been made and if it was made on time.**

Plaintiff timely demanded a jury trial in her complaint.  (Docket Entry No. 1 at 10).

**18.    Specify the number of hours it will likely take to present the evidence.**

If this case proceeds on an individual basis, it will likely take only 8 hours to present evidence.  As Plaintiff has not identified any putative class members, it is unclear how long it will take to present evidence if the case proceeds on a class basis.

**19.    List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

Defendant's motion to dismiss, (Docket Entry No. 12), is pending and may be ruled on at the March 25, 2021 initial conference.  Plaintiff must respond to the Rule 12 motion by March 14; Defendant will reply by March 21.

As set forth above, Plaintiff will be filing an opposed motion to stay briefing on the motion to dismiss pending Rule 26(a)(1) disclosures.

**20.    List other pending motions.**

None. As set forth above, Plaintiff will be filing a motion to stay briefing on the motion to dismiss pending Rule 26(a)(1) disclosures.

**21.    List issues or matters, including discovery, that should be addressed at the conference.**

None. As set forth above, Plaintiff believes that staying briefing on the motion to dismiss is practical in light of the anticipated amendment and would preserve considerable judicial resources.

As mentioned, Defendant disagrees since Plaintiff has not suggested (or shown) that amendment will cure the identified deficiencies or otherwise moot Defendant's motion to dismiss.

**22.    Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff certifies that she filed a disclosure of interested persons on January 17, 2022. (Docket Entry No. 11).  Defendant certifies that it filed a disclosure of interested persons on February 1, 2022.  (Docket Entry No. 13).

**23.    List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

Attorneys for Defendant:
Jeff Potts, Attorney-in-Charge
Texas Bar No. 00784781
Federal Bar No. 16504
Jarod Stewart
Texas Bar No. 24066147
Federal Bar No. 1043011
Rick Houghton
Texas Bar No. 24121678
Federal Bar No. 3363238
717 Texas Avenue, Suite 2800
Houston, Texas 77002-2761
(713) 221-2300
(713) 221-2320 (fax)
jpotts@skv.com
jstewart@skv.com
rhoughton@skv.com

Attorneys for Plaintiff:
Mohammed O. Badwan (Lead)
Victor T. Metroff
Marwan R. Daher
Jennifer A. McLaughlin
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
mdaher@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com

/s/ *Rick Houghton*                        March 11, 2022
Counsel for Plaintiff(s)                       Date

/s/ *Mohammed O. Badwan*           March 11, 2022
Counsel for Defendant(s)                   Date