UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROCHELLE SIMS, individually, and on behalf of all other individuals similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>MEMORIAL HERMANN HEALTH SYSTEM, LINK REVENUE RESOURCES, LLC and JOHN DOES,<br><br>     Defendants. | Case No.: 4:21-cv-04225<br><br>Chief Judge Lee H. Rosenthal |

### DEFENDANT LINK REVENUE RESOURCES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Link Revenue Resources, LLC ("LRR"), for its Answer and Affirmative Defenses to Plaintiff's Second Amended Class Action Complaint ("Complaint"), states and alleges as follows:

### NATURE OF ACTION

1. LRR admits that the Amended Complaint purports to state claims under the Telephone Consumer Protection Act ("TCPA") and the Texas Debt Collection Act ("TDCA"). LRR denies that it violated any law and further denies liability to Plaintiff for any purported claims under the TCPA, FDCPA, and TDCA.

2. LRR admits that this allegation cites to *Parchman v. SLM Corporation*, 896 F.3d 728 (6th Cir. 2018).

3. LRR admits that this allegation cites to *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020).

## PARTIES

4. LRR admits that Plaintiff is a natural person who is over 18 years old, upon information and belief. LRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the same.

5. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

6. Admitted.

7. LRR admits that Plaintiff purports to quote its website.

8. With respect to this allegation, LRR admits that it provides extended business office ("EBO") services for Defendant Memorial Hermann Health System ("MHHS"). LRR denies that it places outbound collection calls as alleged.

9. With respect to this allegation, LRR denies that it placed any outbound calls to Plaintiff.

10. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

11. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

## FACTUAL ALLEGATIONS

12. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

13. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

8257519v1

14. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

15. This allegation constitutes a legal conclusion for which no response is required. To the extent an answer is required, denied.

16. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

17. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

18. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

19. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

20. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

21. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

22. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

23. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

24. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

8257519v1

25. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

26. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

27. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

28. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

29. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

30. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

## **DAMAGES**

31. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

32. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

33. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

34. Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

## CLASS ALLEGATIONS

35. LRR restates and incorporates by reference the responses contained in the preceding paragraphs.

36. LRR admits that the Amended Complaint purports to bring a TCPA class claim pursuant to Rules 23(b)(2) and (b)(3). LRR denies that the putative class is properly defined and denies that any class as to it exists. LRR further denies that this suit merits any serious consideration for treatment as a class action.

37. LRR admits that Plaintiff purports to exclude certain individuals from the putative class.

38. Denied.

39. Denied. There is no class as to LRR.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT I

52.     LRR restates and incorporates by reference the responses contained in the preceding paragraphs.

53.     LRR admits that Plaintiff is an individual but denies that the referenced statute is applicable as to it.

54.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

55.     LRR admits that this allegation cites to *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020).

56.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

57.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

58.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

59.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

60.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

61.     Denied with respect to LRR.  LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

8257519v1

## COUNT II

62. LRR restates and incorporates by reference the responses contained in the preceding paragraphs.

63. Denied.

64. LRR admits that this allegation cites to Texas Finance Code Subsection 392.302(4).

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT III

70. LRR restates and incorporates by reference the responses contained in the preceding paragraphs.

71. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

72. Denied.

73. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

74. LRR lacks knowledge or information sufficient to form a belief as to this allegation, and therefore denies the same.

75. Denied.

76. LRR admits that this allegation cites to § 1692d of the FDCPA.

8257519v1

77. LRR admits that this allegation cites to § 1692d(5) of the FDCPA.

78. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

79. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

80. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

81. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

82. LRR admits that this allegation cites to § 1692d(6) of the FDCPA.

83. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

84. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

85. LRR admits that this allegation cites to § 1692e(14) of the FDCPA.

86. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

87. LRR admits that this allegation cites to § 1692c(a)(1) of the FDCPA.

88. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

89. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

8257519v1

90. Denied with respect to LRR. LRR lacks information sufficient to form a belief as to the allegations directed at the other Defendants, and therefore denies the same.

## RESPONSE TO JURY DEMAND

LRR admits that Plaintiff demanded a trial by jury under Rule 38(b), but denies that Plaintiff is entitled to the same as LRR did not violate any law.

## AFFIRMATIVE DEFENSES

LRR asserts the following defenses in response to the Amended Complaint.

1. Plaintiff failed to state claims upon which relief may be granted.

2. Plaintiff's claims fail because LRR made no calls to Plaintiff.

3. Plaintiff's claims are barred, in whole are in part, to the extent that the calls at issue originated from persons or entities over whom LRR had no control, or for whose conduct LRR is not responsible.

4. Plaintiff's claims are barred, in whole or in part, because on information and belief, Plaintiff's brother Arthur Williams gave MHHS prior express consent to call the 8743 number.

5. Plaintiff's claim for treble damages under the TCPA fails, because LRR did not engage in any knowing or willful misconduct. *Id.* § 227(b)(3)(C).

6. LRR, at all times, operated in good faith and with the reasonable belief that consent to call the 8743 cell telephone number had been provided.

7. To the extent that there were any TCPA or FDCPA violations, which LRR denies, LRR's actions were the result of a *bona fide* error despite its maintenance of reasonable practices and procedures adopted to avoid such violations.

9

8. Plaintiff's TDCA and FDCPA claims fail because she did not sustain actionable damages.

9. Plaintiff's TDCA claim fails because she is not entitled to an injunction under common-law principles or Texas Finance Code § 392.403(a)(1).

10. Plaintiff's TDCA claim fails because none of the calls at issue were made with an intent to harass.  TEX. FIN. CODE § 392.302(4).

11. Plaintiff's and/or members of the putative class failed to mitigate their purported damages.

12. Plaintiff's and/or the putative class members' claims are barred in whole or in part by the doctrines of estoppel and waiver.

13. The putative class is not certifiable under Rule 23 because (among other deficiencies):

   a. the putative class is a class of one—Plaintiff; thus, joinder of all members is impracticable;

   b. questions relating to consent, content, artificiality, prerecording, call origination, and phone and/or cellular subscription ownership, will predominate over any common questions; and

   c. the class definition is facially overbroad, as Plaintiff did not allege or show that any defendant engaged in a widespread practice outside of Houston, Texas, or include carveouts for independent contract callers or called parties that share their phones or subscriptions with other individuals.

14. Unless otherwise admitted herein, LRR denies each and every allegation in the Amended Complaint, and LRR reserves the right to assert additional affirmative defenses that become known through the course of discovery or any other factual investigation concerning this case or any related action.

## **PRAYER FOR RELIEF**

LRR respectfully requests that the Court enter judgment in its favor as follows:

1. Dismissing all claims asserted in the Amended Complaint with prejudice;

2. Awarding LRR its recoverable costs, expenses, and disbursements; and

3. Granting LRR any other relief to which it is entitled at law or in equity.

Dated:  January 20, 2023          By /s/   Michael S. Poncin
                                                               Michael S. Poncin, Attorney-in-Charge
                                                               Minn. Bar #296417
                                                               John P. Boyle, Pro Hac Vice
                                                               Minn. Bar #186946
                                                               MOSS & BARNETT, PA
                                                               150 South Fifth Street, Suite 1200
                                                               Minneapolis, MN 55402
                                                               Telephone:  (612) 877-5000
                                                               Fax:  (612) 877-5999
                                                               E-mail: Mike.poncin@lawmoss.com
                                                               E-mail: John.Boyle@lawmoss.com
                                                               *Attorneys for Link Revenue Resources, LLC*

8257519v1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              /s/ Michael S. Poncin
                                              Michael S. Poncin

8257519v1